## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RON DURBIN,

        Plaintiff,

v.

                                      Case No.  2:08-cv-2457-CM-KGS

YELLOW TRANSPORTATION, INC.,
YRC WORLDWIDE, INC., YRC
REGIONAL TRANSPORTATION, INC,
YRC NORTH AMERICAN
TRANSPORTATION, INC.,
d/b/a YELLOW FREIGHT,

        Defendants.

## JOINT MOTION FOR DETERMINATION OF AN ISSUE
## OF LAW CONCERNING SUBJECT MATTER JURISDICTION

      COME NOW Plaintiff Ron Durbin ("Plaintiff") and Defendants Yellow Transportation, Inc., YRC Worldwide, Inc., YRC Regional Transportation, Inc., and YRC North American Transportation, Inc., d/b/a Yellow Freight ("Defendants") pursuant to the Court's December 12, 2008 Scheduling Oder (Doc. 15) and jointly move the Court to enter an Order confirming this Court has subject matter jurisdiction over this action, and the litigation may proceed in this Court.  In support of their joint motion, the parties state:

**I.**      **PROCEDURAL HISTORY AND ISSUE TO BE DETERMINED**

      Plaintiff originally brought this personal injury action against Defendants in the District Court of Cherokee County, Kansas on August 18, 2008.  Plaintiff is a resident of Missouri.  Defendant Yellow Transportation, Inc. is an Indiana corporation, and the remaining defendants are Delaware corporations.  Defendants each have principal places of business in Kansas.  On September 24, 2008, and after obtaining Plaintiff's consent, Defendants timely removed this action to this Court.  See Unopposed Notice of Removal of Civil Action (Doc. 1).

1

At the Fed. R. Civ. P. 16(f) conference on December 12, 2008, the parties jointly raised an issue regarding the propriety of removal and the Court's subject matter jurisdiction. Specifically, even though complete diversity of citizenship exists among the parties and Plaintiff consented to removal, the parties addressed whether removal to this Court was proper given (1) Defendants' dual-residency in Kansas (due to their principal places of business in Kansas), and (2) certain provisions of 28 U.S.C. § 1441(b), which state an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]  In response to these issues, the Honorable Gary K. Sebelius advised the parties to raise this issue with the Trial Court in the form of a Motion for Determination of an Issue of Law, and Judge Sebelius entered a deadline of December 31, 2008 to file such a motion.  Pursuant to this Order, the parties jointly move the Court to enter an Order confirming that, despite any potential impropriety with removal, this Court has subject matter jurisdiction over the lawsuit, and the lawsuit may proceed in this Court.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.  See 28 U.S.C. § 1332(a).  Where such an action is brought in state court, a defendant may remove the case to the appropriate federal district court.  See 28 U.S.C.

---

[1] Certain case authority outside the District of Kansas and the Tenth Circuit indicates the provisions of 28 U.S.C. § 1441(b) are jurisdictional and cannot be waived.  See e.g., *More Than a Legal Nicety: Why the Forum Defendant Rule of 28 U.S.C. Section 1441(B) is Jurisdictional*, 56 BAYLOR L. REV. 1019 (2004) (discussing circuit split regarding whether the provisions of 28 U.S.C. § 1441(b) are jurisdictional and can be waived).  However, although the Tenth Circuit and Kansas courts strictly construe the removal statutes, see e.g. Nungesser v. Bryant, 2007 WL 4374022, at * 5 (D. Kan. 2007), Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005), the case authority discussed below indicates that, where a federal district court would have original jurisdiction and the parties consent to removal (as here), the district court retains subject matter jurisdiction despite any impropriety with regard to removal.

§ 1441(b).   However, actions based on diversity jurisdiction may only be removed if no defendant is a citizen of the state where the action is pending.  Id.; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

There is a presumption against removal jurisdiction.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals."  Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  See Fajen v. Found, Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir.2001).

Despite the provisions of 28 U.S.C. § 1441(b) and the cautious approached suggested by case law, the Tenth Circuit has repeatedly held that, where a district court would possess original jurisdiction over an action, the district court also retains subject matter jurisdiction over the action notwithstanding any irregularities or improprieties with removal.  See Parks v. Montgomery Ward & Co., 198 F.2d 772, 774 (10th Cir. 1952) (stating "where a suit of which the United States Court may entertain original jurisdiction is instituted in the state court and the defendant obtains its removal, even though the removal is irregular, defective, or unauthorized, and plaintiff acquiesces in such removal by seeking relief from the United States Court, that court acquires jurisdiction of the subject matter.");  Donahue v. Warner Bros. Pictures, 194 F.2d 6 (10th Cir. 1952) (stating same "even though removal is wholly unauthorized");  American Oil Co. v. McMullin, 433 F.2d 1091, 1094 (10th Cir. 1970) (where a federal court

would have had original jurisdiction based on diversity of citizenship but where defendants were residents of forum state, plaintiff waived any argument that removal was defective by failing to object until after judgment); <u>Feichko v. Denver & Rio Grande Western R.R. Co.</u>, 213 F.3d 586 (10th Cir. 2000) (removal in violation of a federal statute does not deprive a federal district court of jurisdiction if the court would have had original jurisdiction over case had it been filed there in the first instance).  These cases demonstrate that, even if removal to a federal district court is technically improper, the federal district court has subject matter jurisdiction over the matter if (1) the plaintiff consents or acquiesces to removal, and (2) the federal district court would have had original jurisdiction over the matter.

These factors are met here.  Complete diversity of citizenship exists between the parties.  Plaintiff is a citizen of Missouri.  Defendant Yellow Transportation, Inc. is citizen of Indiana and Kansas, and the remaining defendants are citizens of Delaware and Kansas.  <u>See</u> 28 U.S.C. § 1332(c)(1).  Furthermore, Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs.  <u>See</u> Plaintiff's Petition, at p. 4.  Having met the requirements of 28 U.S.C. § 1332, Plaintiff could have originally filed his claims against Defendants in this Court.  Additionally, because Plaintiff has explicitly consented to removal from Cherokee County, Kansas to this Court, the Court has subject matter jurisdiction over this lawsuit pursuant to the authority cited above.

## III.  <u>CONCLUSION</u>

The parties respectfully assert that, given Plaintiff's consent to removal and his ability to bring his lawsuit in this Court in the first instance, removal to this Court was proper notwithstanding the provisions of 28 U.S.C. § 1441(b).  That said, the parties recognized a potential jurisdictional issue with this position and promptly raised the issue with the Court for resolution at the earliest possible time.  After researching the issue, the parties believe Tenth

4

Circuit case law supports their position and establishes that any potential impropriety with respect to removal does not deprive this court of subject matter jurisdiction under the present circumstances.  As such, the parties jointly request the Court to enter an Order confirming it has subject matter jurisdiction over the instant dispute, and the litigation may proceed in this Court.

WHEREFORE, the parties jointly request this Court to enter an Order finding that the Court has subject matter jurisdiction to resolve the instant dispute, and for any other relief the Court finds just and proper.

SHOOK, HARDY & BACON L.L.P.

By:___/s/ Kelly G. Bieri_____
        Michael  J. Kleffner, Kan. Fed. #78006
        Kelly G. Bieri, Kan. Fed. #78143

2555 Grand Boulevard
Kansas City, Missouri  64108
Telephone:  816-474-6550
Facsimile:  816-421-5547

ATTORNEYS FOR DEFENDANTS


RALSTON, POPE & DIEHL, LLC

By: ___/s/ J. Todd Hiatt_____
        J. Todd Hiatt

2913 SW Maupin Lane
Topeka, Kansas  66614
Telephone:  785-273-8002
Facsimile:  785-273-0744

ATTORNEYS FOR PLAINTIFF

3255656v3

I hereby certify that on the 31st day of December, 2008, the foregoing was filed with the Court Clerk by the CM/ECF System which sent electronic notification of such filing to:

J. Todd Hiatt, Esq.
Ralston, Pope & Diehl, LLC
2913 SW Maupin Lane
Topeka, Kansas  66614
Telephone:  785-273-8002
Facsimile:  785-273-0744

ATTORNEYS FOR PLAINTIFF

                              /s/ Kelly G. Bieri
                              Attorney for Defendants