IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RON DURBIN,** )<br>)<br>  **Plaintiff,** )<br>)<br>**v.** )<br>)    No. 08-2457-CM-KGS<br>**YELLOW TRANSPORTATION, et al.,** )<br>)<br>  **Defendants.** )<br>) | |

## **MEMORANDUM AND ORDER**

Plaintiff Ron Durbin brings this personal injury action against defendants Yellow Transportation, Inc., YRC Worldwide, Inc., YRC Regional Transportation, Inc., and YRC North American Transportation, Inc., d/b/a/ Yellow Freight. Defendants timely removed the case to this court from the District Court of Cherokee County, Kansas, pursuant to 28 U.S.C. § 1441. Pending before the court is the parties' Joint Motion for Determination of an Issue of Law Concerning Subject Matter Jurisdiction (Doc. 17).

The parties assert that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and by this motion seek assurance of it. Because this court has an independent duty to assure that subject matter exists, *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), it addresses the parties' arguments.

A civil action filed in state court is only removable if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and each defendant is a resident of a different state than each plaintiff. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In this case, plaintiff is a Missouri resident. Defendant Yellow Transportation, Inc., is an Indiana corporation, with a principal place of business in Kansas. The other defendants are Delaware corporations, with principal places of business in Kansas. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). The court therefore finds that it would have had original jurisdiction because the plaintiff is completely diverse from all of the defendants in this case, and because the amount in controversy exceeds $75,000.

However, "[r]emoval jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006); *see* 28 U.S.C. § 1441(b) (providing that an action based on anything other than original jurisdiction is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") Because the defendants are citizens of the State of Kansas, this "forum defendant" rule precluded defendants from removing the case to this court.

The question before this court is whether this barrier to removal is jurisdictional or merely procedural. If characterized as a procedural defect, it may be waived. 28 U.S.C. § 1447(c). If this barrier to removal is jurisdictional, the case must be remanded. 28 U.S.C. § 1447(c).

The United States Supreme Court has not addressed this question. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (declining to address the issue, but acknowledging that "several" lower courts have held the presence of a diverse but in-state defendant in a removed action is a

procedural rather than a jurisdictional defect, and therefore waiveable, citing 14C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3739, pp. 451–57, and nn. 32–37 (3d ed. 1998).

The majority of the circuits have ruled that the forum defendant rule is procedural, not jurisdictional. *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 379 (7th Cir. 2000); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991); *Farm Constr. Serv. v. Fudge*, 831 F.2d 18, 21–22 (1st Cir. 1987); *Woodward v. D. H. Overmyer Co.*, 428 F.2d 880, 882 (2d Cir. 1970); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999) (interpreting 1996 statutory changes as resolving the conflict and making the forum defendant rule waiveable). *But see Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (holding removal by a local defendant contrary to the provisions of Section 1441(b) is jurisdictional); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145–46 (8th Cir. 1992).

Although it does not appear that the Tenth Circuit has had an opportunity to expressly take a side, this court finds that the rationale of prior cases directs that the forum defendant rule of Section 1441(c) is procedural, and therefore may be waived. *See Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1094 (10th Cir. 1970) (noting that Tenth Circuit has previously considered removal by in-state defendant a waiveable defect in *Lopata v. Handler*, 121 F.2d 938 (10th Cir. 1941)); *see also* Casey Tourtillott & Matt Corbin, *A Practitioner's Road Map to Removal and Remand in Kansas Courts*, 76-OCT J. Kan. B.A. 22, 28 n.100 (2007) (noting that procedural bases for remand include joinder of local defendants.)

No motion for remand is before the court. On the contrary, plaintiff has asserted his consent to removal. (*See* Doc. 17, at 4.) Although consent alone is inadequate to confer jurisdiction, *Am.*

-4-

*Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18 (1951), the court finds that complete diversity exists and is not defeated by any procedural defect in the removal of this action.

**IT IS THEREFORE ORDERED** that Joint Motion for Determination of an Issue of Law Concerning Subject Matter Jurisdiction (Doc. 17) is granted.

Dated this 11th day of February, 2009, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**